# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRYAN PIPER, | § | |
| | § | |
| *Plaintiffs/Relator*, | § | |
| v. | § | |
| | § | |
| RKM UTILITY SERVICES, INC.; | § | |
| BLUE STAR MATERIALS II, LLC; | § | Civil Action No. 4:21-cv-357 |
| JACK DOWDY; RYAN R. DOWDY; | § | Judge Mazzant |
| JERRY MICHAEL SHIVERS; | § | |
| KMR TRANSPORTATION, LLC; | § | |
| ADAM LOWERY; | § | |
| SISTER'S ASPHALT, INC d/b/a SAI CONSTRUCTION, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jerry Michael Shivers's ("Shivers") Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) (Dkt. #91) and Motion for Judicial Notice of Bankruptcy Proceedings Under Federal Rule of Evidence 201 (Dkt. #93). Having considered the motions and the relevant pleadings, the Court finds that Defendant Shivers's Motion for Judicial Notice of Bankruptcy Proceedings Under Federal Rule of Evidence 201 (Dkt. #93) should be **GRANTED in part and DENIED in part**. Further, the Court finds that Defendant Shivers's Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) (Dkt. #91) should be **DENIED**.

## BACKGROUND

This is a False Claims Act ("FCA") action against Shivers, and others, for knowingly submitting and causing the submission of multiple false claims, statements, records, and certifications to the United States Small Business Association ("SBA") in connection with certain

Paycheck Protection Program ("PPP") loan applications and PPP loan forgiveness applications that Shivers—and other Defendants collectively—allegedly, in concerted action, used to obtain PPP funds under false pretenses (*See* Dkt. #36 at ¶¶ 39–104, 136–42, 150–70; Dkt. #106 at p. 2).

On May 7, 2021, Relator filed this *qui tam* action against Defendants Blue Star, RKM Utility Services, Inc. ("RKM"), and Jack Dowdy (Dkt. #1). Relator's complaint alleges that in April 2020, RKM, at Jack Dowdy's direction, violated the FCA when RKM knowingly applied for and received $4,165,900 in PPP funds based on false representations regarding its payroll (Dkt. #1 at ¶¶ 65, 68–79). Relator also alleges that RKM misused the PPP loan proceeds by using it to pay off an existing line of credit which Jack Dowdy had collateralized with Blue Star's $5 million Certificate of Deposit despite falsely certifying to SBA on its loan forgiveness application that RKM had used its PPP funds on payroll expenses (Dkt. #1 at ¶¶ 2–3, 65–71, 73–78, 81–85).

Relator's *qui tam* action then remained under seal while the United States investigated Relator's allegations and sought multiple extensions of its deadline to intervene, which the Court granted (*See, e.g.*, Dkt. #26). On September 19, 2025, the United States filed its notice of intervention in this *qui tam* action informing the Court of its decision to intervene and proceed with Relator's *qui tam* action (Dkt. #28). On January 29, 2026, the United States filed its Complaint in Intervention against Shivers and other Defendants (Dkt. #36). In its Complaint, the United States alleges that Shivers was hired by Jack Dowdy, was employed by a Jack Dowdy-affiliated entity since 2016, had intimate knowledge of the financial affairs of the Jack Dowdy entities, and provided finance and accounting-related services to the Defendants (Dkt. #36 at ¶¶ 45–46, 48–49, 97, 124). The United States further alleges that Shivers was the one who corresponded with PPP lenders

acting on SBA's behalf in April 2020 and submitted the PPA loan applications and subsequent loan forgiveness applications at issue (Dkt. #36 at ¶¶ 18, 85, 107, 120, 129, 133).

On May 26, 2026, Shivers filed his Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) (Dkt. #91). On May 28, 2026, Shivers also filed his Motion for Judicial Notice of Bankruptcy Proceedings Under Federal Rule of Evidence 201 (Dkt. #93). On June 9, 2026, the United States filed its Responses to the Motion to Dismiss (Dkt. #96) and Motion for Judicial Notice (Dkt. #97).

## LEGAL STANDARD

### I. Judicial Notice

The Court may judicially notice a fact that is not subject to reasonable dispute because: (1) it is generally known with the Court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b). A fact that is not subject to reasonable dispute under Rule 201(b) is an adjudicative fact. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998). But, a Court should not take judicial notice of the specific factual findings of another court. *Id.* at 830–31 ("[C]ourts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these are disputable and usually are disputed.") (citation omitted).

### II. Motion to Dismiss

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a

motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co*., LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### I. Judicial Notice

The Court finds that the Motion for Judicial Notice should be granted in part and denied in part. Shivers asks the Court to take judicial notice of Ryan Dowdy's bankruptcy proceedings (*See* Dkt. #93). More specifically, Shivers wants the Court to take judicial notice of the bankruptcy judge's factual findings on Ryan Dowdy's intent regarding the PPP loans at issue (*See* Dkt. #93 at 3). The Court declines to do so.

The Court is willing to take judicial notice of the fact that the bankruptcy proceeding occurred because it is a publicly available government filing whose existence cannot reasonably be questioned. *Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 588–59 (5th Cir. 2020). The Court is also willing to take judicial notice of the fact Bryan Piper, Shivers, and Ryan Dowdy testified, and of the judicial action taken by Judge Rhoades (*See* Dkt. #97 at p. 8). *See Basic Cap. Mgmt.*, 976 F.3d at 588–59; *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) (citation omitted). However, the Court will not take judicial notice of the factual findings within because those findings are not adjudicative facts, but instead facts subject to reasonable dispute. *See Taylor*, 162 F.3d at 830. Therefore, the Court will grant in part and deny in part Shivers's request for the Court to take judicial notice of Ryan Dowdy's bankruptcy proceedings.

### II. Motion to Dismiss

After reviewing the United States' Complaint in Intervention and the arguments presented in the briefs, the Court finds that the United States has stated plausible claims for relief under

Rule 12(b)(6). Dismissal is unwarranted. Defendant Shivers's Motion should therefore be **DENIED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant Blue Shivers's Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) (Dkt. #91) is **DENIED**. Further, Defendant Shiver's Motion for Judicial Notice of Bankruptcy Proceedings Under Federal Rule of Evidence 201 (Dkt. #93) is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE