# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRYAN PIPER, | § | |
| | § | |
| *Plaintiffs/Relator*, | § | |
| v. | § | |
| | § | |
| RKM UTILITY SERVICES, INC.; | § | |
| BLUE STAR MATERIALS II, LLC; | § | Civil Action No. 4:21-cv-357 |
| JACK DOWDY; RYAN R. DOWDY; | § | Judge Mazzant |
| JERRY MICHAEL SHIVERS; | § | |
| KMR TRANSPORTATION, LLC; | § | |
| ADAM LOWERY; | § | |
| SISTER'S ASPHALT, INC d/b/a | § | |
| SAI CONSTRUCTION, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant RKM Utility Services, Inc.'s ("RKM") Motion to Dismiss United States' Complaint in Intervention (the "Motion") (Dkt. #65). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a False Claims Act ("FCA") action against RKM, and others, for knowingly submitting and causing the submission of multiple false claims, statements, records, and certifications to the United States Small Business Association ("SBA") in connection with certain Paycheck Protection Program ("PPP") loan applications and PPP loan forgiveness applications that RKM—and other Defendants collectively—allegedly, in concerted action, used to obtain PPP funds under false pretenses (*See* Dkt. #36 at ¶¶ 39–104, 136–42, 150–70; Dkt. #106 at p. 2).

On May 7, 2021, Relator filed this *qui tam* action against Defendants RKM, Blue Star Materials, II, LLC ("Blue Star"), and Jack Dowdy (Dkt. #1). Relator's complaint alleges that in April 2020, RKM, at Jack Dowdy's direction, violated the FCA when RKM knowingly applied for and received $4,165,900 in PPP funds based on false representations regarding its payroll (Dkt. #1 at ¶¶ 65, 68–79). Relator also alleges that RKM misused the PPP loan proceeds by using it to pay off an existing line of credit which Jack Dowdy had collateralized with Blue Star's $5 million Certificate of Deposit despite falsely certifying to SBA on its loan forgiveness application that RKM had used its PPP funds on payroll expenses (Dkt. #1 at ¶¶ 2–3, 65–71, 73–78, 81–85).

Relator's *qui tam* action then remained under seal while the United States investigated Relator's allegations and sought multiple extensions of its deadline to intervene, which the Court granted (*See, e.g.*, Dkt. #26). During this period, on November 5, 2021, the State of Texas terminated RKM's corporate charter pursuant to TEXAS TAX CODE § 171.309 (Dkt. #65-2). On September 19, 2025, the United States filed its notice of intervention in this *qui tam* action informing the Court of its decision to intervene and proceed with Relator's *qui tam* action (Dkt. #28). On January 29, 2026, the United States filed its Complaint in Intervention against RKM and other Defendants (Dkt. #36).

On March 30, 2026, RKM filed its Motion to Dismiss United States' Complaint in Intervention pursuant to FED. R. CIV. P. 12(b)(2), (5), and (6), as well as FED. R. CIV. P. 9(a)(2) and FED. R. CIV. P. 17(b)(2) (Dkt. #65). On May 13, 2026, the United States filed its Response (Dkt. #85). On June 3, 2026, RKM filed its Reply (Dkt. #95). On June 10, 2026, the United States filed its Sur-Reply (Dkt. #98).

## LEGAL STANDARD

### I. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to establish that in personam jurisdiction exists. *Bullion v. Gillespie*, 895 F.2d 213, 216–17 (5th Cir. 1990). To satisfy that burden, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction," if a court rules on a motion without an evidentiary hearing. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, "[a]llegations in [a] plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003) (citing *Wyatt v. Kaplan*, 686 F.2d 276, 282–83 n.13 (5th Cir. 1982)); *accord Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977). Further, "[a]ny genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists." *Quintana*, 259 F. Supp. 2d at 557 (citing *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992)).

### II. Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) allows a party to file a motion to dismiss for insufficient service of process. FED. R. CIV. P. 12(b)(5). A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "This 'good cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam) (unpublished) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

**III. Failure to State a Claim**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But

where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, LLC, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

**IV. Capacity to Sue or be Sued**

Federal Rule of Civil Procedure 17(b)(2) provides that the capacity to "sue or be sued" is determined, "for a corporation, by the law under which it was organized." FED. R. CIV. P. 17(b)(2). As the Fifth Circuit has stated, "capacity to sue is a defense, and the federal rules require not only that the defendant raise issues of capacity, but [that] he must do so by 'specific negative averment.'" *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1299 (5th Cir. 1994) (citing FED. R. CIV. P. 9(a)); *see also Young v. Pattridge*, 40 F.R.D. 376, 378 (1966) (citing FED. R. CIV. P. 9(a)). "Defenses objecting to lack of capacity that are not raised are waived." *Calhoun*, 34 F.3d at 1299; *see also MTO Maritime Transp.*

*Overseas, Inc. v. McLendon Forwarding*, 837 F.2d 215, 218 (5th Cir.1988) ("It is settled law that failure specifically to plead capacity waives the right to object.").

## ANALYSIS

The crux of RKM's Motion is that because RKM is a defunct entity, it no longer has capacity to be sued (Dkt. #65 at p. 1). Without capacity, personal jurisdiction cannot exist because RKM, as a terminated entity, does not have a domicile or presence in the forum (Dkt. #65 at p. 1). Furthermore, without capacity, there cannot be proper service because there is no individual with authority to accept service on behalf of the defunct entity (Dkt. #65 at pp. 1–2). Finally, RKM asserts that because it no longer exists as an entity, it is impossible to bring a claim against it, and thus dismissal under FED. R. CIV. P. 12(b)(6) is warranted (Dkt. #65 at p. 2). For the reasons discussed below, the Court finds that, under Texas law, RKM still exists as an entity for the limited purpose of this lawsuit and has capacity to be sued. Therefore, the Court has personal jurisdiction over RKM, there was sufficient service of process, and dismissal is not warranted under FED. R. CIV. P. 12(b)(6).

### I. Capacity

RKM is a corporation that was organized under the law of Texas (Dkt. #36 at ¶ 11; Dkt. #65-1). Thus, Texas law will determine whether RKM has capacity to be sued. *See* FED. R. CIV. P. 17(b)(2). Under Texas law, a corporation's privileges are forfeited pursuant to section 171.252 of the Texas Tax Code if it fails to pay the franchise tax. TEXAS TAX CODE § 171.252. If the corporation's privileges are forfeited, it loses the right to sue or defend in a court of Texas. *Id.* However, section 11.356(a) of the Texas Business Organization Code provides that a terminated corporation continues to exist until the third anniversary of the effective date of the entity's termination for limited purposes, including "prosecuting or defending in the terminated

filing entity's name an action or proceeding brought by or against the terminated entity." TEX. BUS. ORGS. CODE § 11.356(a).

Furthermore, section 11.356(c) of the Texas Business Organizations Code provides that:

> If an action on an existing claim by or against a terminated filing entity has been brought before the expiration of the three-year period after the date of the entity's termination and the claim was not extinguished under Section 11.359, the terminated filing entity continues to survive for purposes of: (1) the action until all judgments, orders, and decrees have been fully executed; and (2) the application or distribution of any property of the terminated filing entity as provided by Section 11.053 until the property has been applied or distributed.

TEX. BUS. ORGS. CODE § 11.356(c). RKM's capacity to be sued is determined at the time the lawsuit commenced, which was on May 7, 2021, when Relator filed this *qui tam* action under seal (Dkt. #1). *See Tex. Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 404 (5th Cir. 2008). RKM was terminated on November 5, 2021, which is six months after Relator filed his *qui tam* action (*See* Dkt. #65-2). While Relator's suit is timely, RKM challenges the United States' intervention as timely for this limited purpose existence, arguing that the intervention is a new action, and the United States' relation back argument does not apply to RKM's capacity issue (Dkt. #65 at pp. 3–5; Dkt. #95 at pp. 2–5, 7–9).

By contrast, the United States' intervention is a part of the same action, not a new one. Under the FCA, Relator originally brought a civil action and the United States' election to intervene meant it was proceeding with the action that Relator previously filed. *See* 31 U.S.C. § 3730(b), (d)(1). Section 3731(c) provides further support as it expressly permitted the United States to file its own complaint when it elected to intervene and proceed with the action Relator brough under section 3730(b). *Id.* § 3731(c).

Additionally, Congress has expressly provided for relation back in *qui tam* actions, which will deem the United States' Complaint in Intervention as filed when Relator originally filed.

Federal Rule of Civil Procedure 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1). Subsections (A) and (B) are in effect here because section 3731(c) of the FCA provides that "[f]or statute of limitations purposes, any such Government pleading shall relate back to the filing date of the complaint of [Relator] who originally brought the action, to the extent that the claim of the Government arises out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of [Relator]." 31 U.S.C. § 3731(c).

Here, the United States cites other district court opinions for the proposition that Federal Rule of Civil Procedure 15(c) applies to intervention complaints in FCA actions (Dkt. #85 at p. 12). *See, e.g.*, *In re Cardiac Devices Qui Tam Litig.*, 221 F.R.D. 318, 357 (D. Conn. 2004) (applying Rule 15(c)[(1)(B)] and permitted relation back in *qui tam* action because the claim arose out of the same transaction or occurrence in the original pleading); *In re Pharm. Indus. Average Wholesale Price Litig.*, 498 F. Supp. 2d 389, 398 (D. Mass. 2007) (applying Rule 15(c)(1)[(A)] and permitted relation back because the FCA expressly provides for it). RKM offers no cases to rebut this, and the Court sees no reason to disagree with these opinions, considering the clear statutory language of the FCA.

Instead, RKM argues that the United States' relation back argument may cure a statute of limitations issue, but it cannot fix the capacity issue (Dkt. #95 at pp. 7–9). It is true that the rationale behind the relation back rule is to ameliorate the effect of statute of limitations. 6A Mary Kay Kane & Howard M. Erichson, *Federal Practice and Procedure* § 1497 (3d ed.), Westlaw FPP § 1497 (database updated Apr. 2026). However, if the United States' Complaint in Intervention

relates back to Relator's original filing, which was timely for the purpose of section 11.356(c) of the Texas Business Organizations Code in continuing the existence of a defunct entity for the limited purpose of this action, then the United States' Complaint in Intervention also falls under section 11.356(c). What is good for the goose is good for the gander. RKM does not challenge Relator's ability to maintain this action regarding the capacity issue, only whether the United States can. But, if the United States' Complaint in Intervention is deemed filed on May 7, 2021, because of relation back, then the United States brought an action before the expiration of the three-year period after the date of RKM's termination. *See* TEX. BUS. & ORGS. CODE § 11.356(a), (c); *id.* § 11.359(a) ("Except as provided by Subsection (b), an existing claim by or against a terminated filing entity is extinguished unless an action or proceeding is brought on the claim not later than the third anniversary of the date of termination of the entity.").

Accordingly, RKM has capacity during the pendency of this action, and the United States can maintain this suit. While RKM's arguments regarding personal jurisdiction and insufficient service of process also stem from its lack of capacity argument, the Court will still address why personal jurisdiction exists and sufficient service of process occurred.

## II. Personal Jurisdiction

"Personal jurisdiction requires two things: authorization for service of summons and a 'constitutionally sufficient relationship' (the 'minimum contacts' test) between [RKM] and the forum." *Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 264 (5th Cir. 2019) (citation omitted). Because this is an FCA action, the Court must look to the statutory scheme of the act to find personal jurisdiction. Under the FCA, personal jurisdiction goes with venue. *See, e.g.*, *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 865–68 (2d Cir. 1997) (citation omitted).

Section 3732(a) of the FCA provides that:

> [a]ny action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred. A summons as required by the Federal Rules of Civil Procedure shall be issued by the appropriate district court and served at any place within or outside the United States.

31 U.S.C. § 3732(a). As the Second Circuit has found, the second sentence is a "form of long-arm statute" that authorizes a district court in which "an action may be brought" to issue summons. *Thistlethwaite*, 110 F.3d at 865–68. As the United States put it in its response, "if an FCA lawsuit is filed in a judicial district where venue lies, then the court may exercise personal jurisdiction over all defendants" (Dkt. #85 at pp. 15–16).

Here, this is a multi-defendant FCA case, so venue lies wherever any one of the defendants in the action reside or transacts business in the judicial district where suit is filed. *See* 31 U.S.C. § 3732(a). Venue is determined at the outset of litigation and is not affected by subsequent events. *Moller v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021). The parties in Relator's Complaint, filed on May 7, 2021, will determine which parties are relevant for venue. *See Williams v. Tava Ventures, Inc.*, No. 3:23-CV-854, 2024 WL 620366, at *1–2 (N.D. Tex. Feb. 14, 2024) ("[D]istrict courts in Texas have, for the most part, agreed that the district in which proper venue lies is not affected by a subsequent change of parties.").

And so, the Court must look at the facts and the record on May 7, 2021, when Relator filed this *qui tam* action. On May 7, 2021, RKM's corporate privileges had not been revoked yet, so it had legal capacity to be sued. Furthermore, Relator also sued Jack Dowdy, who is alleged to reside in Collin County, which is within the Eastern District of Texas (Dkt. #1 at ¶¶ 6, 14). Because at least Jack Dowdy resided within the Eastern District of Texas, venue is proper here.

*See* 31 U.S.C. § 3732(a); *see also Thistlethwaite*, 110 F.3d at 865–68. Because the FCA authorizes this Court to serve summons, the first requirement for personal jurisdiction is met. *See Double Eagle*, 936 F.3d at 264. The next question is whether a "constitutionally sufficient relationship" with the Court exists. *See id.*

Because the FCA is a federal statute that authorizes nationwide service of process, the relevant inquiry for personal jurisdiction is whether RKM has minimum contacts with the United States. 4 Adam N. Steinman, *Federal Practice and Procedure*, § 1068.1 (4th ed.), Westlaw FPP § 1068.1 (database updated Apr. 2026) (discussing how courts have gravitated towards the national contacts standard when a federal statute authorizes nationwide service); *Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255, 1258 (5th Cir. 1994); *see ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 684 (E.D. Tex. 2020) (analyzing nationwide service of process for RICO claims and citing *Busch*); *see also, e.g.*, *United States ex rel. Landsberg v. Levinson*, No. 2:03-CV-1429, 2006 WL 895044, at *3 (W.D. Pa. Mar. 29, 2006) (applying nationwide service of process and minimum contacts with the United States for an FCA action); *United States ex rel. Finks v. Huda*, 205 F.R.D. 225, 227 (S.D. Ill. 2001) (same). "Given that the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within the United States." *Busch*, 11 F.3d at 1258 (citation omitted).

Here, Relator alleged that RKM is a Texas corporation, located in Richardson, Texas, and engaged in acts within the sovereign of the United States that are the subject of this FCA action (Dkt. #1 at ¶¶ 8–10, 52–99). Because RKM has minimum contacts with the United States, let alone

Texas[1], any traditional notions of fair play and substantial justice are not offended by exercising personal jurisdiction over RKM. *See Busch*, 11 F.3d at 1258. Therefore, the Court can exercise personal jurisdiction over RKM and dismissal under Federal Rule of Civil Procedure 12(b)(2) is not warranted.

## III. Sufficient Service of Process

RKM seeks dismissal also under Federal Rule of Civil Procedure 12(b)(5) grounds by arguing that the United States' service of the summons and Complaint in Intervention is not effective because it is a defunct entity and can no longer accept service of process (Dkt. #65 at pp. 6–7). As addressed above, RKM has capacity for the limited purposes of this FCA action. *See* TEX. BUS. & ORGS. CODE § 11.356(a), (c); *id.* § 11.359(a).

Under Federal Rule of Civil Procedure 4(h)(1)(B), a corporation may be served process by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P. 4(h)(1)(B). Texas law requires a filing entity to designate and continuously maintain a registered agent and a registered office. TEX. BUS. & ORGS. CODE § 5.201(a). Section 5.2011(a) further provides that "[t]he designation or appointment of a person as registered agent by an organizer or managerial official of an entity in a registered agent filing is an affirmation by the organizer or managerial official that the person named as registered agent has consented to serve in that capacity." *Id.* § 5.2011(a).

[1] As a corporation incorporated under the laws of Texas, RKM is a citizen of Texas and would be subject to the Court's general personal jurisdiction too. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019); *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citation omitted).

Here, the United States and Relator both served Anthony Petrocchi ("Petrocchi") as the designated agent of RKM (Dkt. #62; Dkt. #33). Petrocchi additionally accepted service of process on behalf of RKM for both the United States and Relator (Dkt. #62; Dkt. #33). Again, RKM does not challenge whether Petrocchi is the correct agent to serve, nor whether Relator's service was sufficient. RKM only challenges the United States' service on Petrocchi because RKM no longer exists (Dkt. #65 at pp. 6–7). RKM additionally argues that Petrocchi, as the last designated agent for RKM, lost his authority to accept service three years after RKM's termination, which would be before the United States' service. Rather, section 11.357(a) provides otherwise. It reads:

> (a) Subject to the provisions of the title governing the terminated filing entity, during the three-year period that a terminated filing entity's existence is continued under Section 11.356, the governing persons of the terminated filing entity serving at the time of termination shall continue to manage the affairs of the terminated filing entity for the limited purposes specified by Section 11.356 and have the powers necessary to accomplish those purposes. . . .

TEX. BUS. & ORGS. CODE § 11.357(a). Section 11.357(a) expressly provided Petrocchi the authority to accept service on behalf of RKM during the pendency of this action. Because the United States properly served RKM under Federal Rule of Civil Procedure 4(h)(1)(B) by serving its designated agent, sufficient service of process occurred. Therefore, dismissal under Federal Rule of Civil Procedure 12(b)(5) is not warranted.

## IV. Failure to State a Claim

RKM's grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6) are also predicated on the lack of capacity issue. With capacity, personal jurisdiction, and service of process addressed, all that is left is to check if the United States has stated plausible claims for relief. After reviewing the United States' Complaint in Intervention and the arguments presented in the briefs,

the Court finds that the United States has stated plausible claims for relief under Rule 12(b)(6). Dismissal is unwarranted. Defendant RKM's Motion should therefore be **DENIED**.

**CONCLUSION**

It is therefore **ORDERED** that Defendant RKM's Motion to Dismiss United States' Complaint in Intervention (Dkt. #65) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE